# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2020

Lyle W. Cayce
Clerk

No. 19-51148
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS VARGAS-TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-2677-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Tomas Vargas-Torres appeals the 30-month, within-guidelines prison term imposed following his guilty plea conviction for illegally reentering the United States after removal. Vargas-Torres argues that under the principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentence above the statutory maximum in § 1326(a) based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51148

on the fact of a prior felony conviction not alleged in the indictment nor found by a jury beyond a reasonable doubt.  The Government has filed an unopposed motion for summary affirmance and, alternatively, seeks an extension of time to file its brief.

As the Government argues and as Vargas-Torres concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  Because the issue is foreclosed, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file its brief is DENIED.